UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RICCO SMITH, :
: **CIV. NO. 19-21187 (RMB-KMW)**
    Plaintiff :
:
v. : **OPINION**
:
WARDEN DAVID KELSEY, :
:
    Defendants :

**BUMB**, DISTRICT JUDGE

Plaintiff Ricco Smith, a pretrial detainee confined in Atlantic County Justice Facility, filed this civil rights action on December 6, 2019. (Compl., ECF No. 1.) In lieu of the filing fee, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

> period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit the requisite certified prisoner trust account statement.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A. The Complaint

Plaintiff complains of several conditions he has been subjected to in Atlantic County Justice Facility since November 18, 2019. (See generally, Compl., ECF No. 1.) First, he complains that the facility does not have a law library, and when he requests legal materials, he does not receive what he requested. Further, he alleges it is a violation of his constitutional rights "to have a civilian operate the computer for paralegal purposes." Second, Plaintiff complains of price gouging in the canteen and that he is charged $50 a month in rent. Third, he complains of mold in the showers and that the only water temperature in the showers is hot.

The defendants to this action are Warden David Kelsey of the Atlantic County Justice Facility, and Keefe Company. The warden's involvement in the allege constitutional violations is that he is "currently in charge of all the inmates." (Compl., ECF No. 1, ¶3B.) Keefe Company's involvement in the alleged constitutional violations is that it makes 100% profit from every inmate, presumably from the canteen. (Id., ¶5.)) Plaintiff seeks injunctive relief and damages. (Id.)

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

B. First Amendment Access to Courts Claim

Plaintiff alleges his constitutional rights have been violated because Atlantic County Justice Facility lacks a law library; Plaintiff has not received the legal materials that he requested; and that "a civilian" operates the computer used for legal materials. The Supreme Court has held that prisoners have a First Amendment right of access to the courts, which is not a freestanding right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). To succeed on such a claim, a

plaintiff must allege that his nonfrivolous legal claim was frustrated or impeded. Lewis, 518 U.S. at 353. Here, Plaintiff has not alleged that he suffered an actual injury from the alleged inadequate provision of legal assistance and materials. If Plaintiff were granted IFP status, the Court would dismiss this claim without prejudice upon conclusive screening of the complaint.

C. Fourteenth Amendment Due Process Claim

The Fourteenth Amendment's Due Process Clause governs the conditions of confinement for pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). The inquiry courts must make is whether "'the conditions amount to punishment of the detainee.'" Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008) (quoting Bell, 441 U.S. at 535)). Absent a showing that the condition was imposed with intent to punish, the determination courts must make is whether the condition "is reasonably related to a legitimate governmental objective" and whether it is excessive to that purpose. Id. at 232 (quoting Bell, 441 U.S. at 538-39)).

Assuming without finding that Keefe Company is a state actor under § 1983, Plaintiff has failed to allege a due process violation against Keefe Company or Warden Kelsey based on high canteen prices. Plaintiff has not alleged any facts to establish

7

that the high canteen prices were imposed with intent to punish. Offering products for sale in a prison canteen, presumably to make prison life more palatable for detainees, is a legitimate governmental objective because access to the canteen can be used as a reward for good behavior. Plaintiff has not alleged that the prices charged in the canteen are excessive to the purpose of the ability to offer products for sale.

Plaintiff also alleges that it violates his rights under the Constitution to charge him $50 a month for "rent." The Third Circuit has held that housing fees are not punishment because they are "related to the legitimate purpose of partially reimbursing the government for housing expenditures." Carson v. Mulvihill, 488 F. App'x 554, 563 (3d Cir. 2012). If Plaintiff were granted IFP status, the Court would dismiss these claims without prejudice upon conclusive screening.

Finally, Plaintiff complains of mold in showers causing him to breathe noxious air and that there is only hot water available. Plaintiff does not allege that the mold in the showers and hot water are intentional punishment. Providing inmates with shower facilities, which comes with an inherent risk of growing mold, is a legitimate governmental interest. Absent allegations that the mold caused Plaintiff to become sick or that the water is so hot that it burns the skin or otherwise presents a substantial risk to

his health based on the duration and level of exposure, Plaintiff failed to state a due process violation. See Treakle v. Warden, Atlantic County Justice Facility, Civ. No. 17–3812 (RBK)(AMD), 2018 WL 276894, at *3 (D.N.J. 2018 Jan. 3, 2018) (finding complaint lacked sufficient allegations to sustain due process claim based on mold in the showers of county detention facility); see Patterson v. Quigley, Civ. Action No. 16-1604, 2018 WL 1566793, at *5 (E.D. Pa. Mar. 30, 2018) ("Numerous courts have also recognized mold in a prison does not automatically violate an inmate's constitutional rights.")) Thus, if Plaintiff were granted IFP status, the Court would dismiss his Due Process claim about hot water and mold in showers without prejudice.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: April 6, 2020

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**